Francisca BERNAL, Appellant,

v.

CITY OF EL PASO, Appellee.

No. 08–97–00066–CV.

Court of Appeals of Texas,
El Paso.

March 31, 1998.

Rehearing Overruled April 29, 1998.

L. Taylor Zimmerman, El Paso, for Appellant.

John Gates, Asst. City Atty., Charlie F. McNabb, City Atty., El Paso, for Appellee.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

## 254

## *O P I N I O N*

DAVID WELLINGTON CHEW, Justice.

Francisca Bernal ("Bernal") appeals from a summary judgment granted to the City of El Paso (the "City") in her personal injury suit. We reverse and remand.

Bernal alleges that one morning in August 1991, she was walking on a public sidewalk in the 800 block of South Stanton in El Paso when she tripped in a hole in the sidewalk and fell. Bernal sued the City, alleging a special defect and seeking damages for bodily injuries, past and future pain and suffering, and mental anguish. The City moved for summary judgment on grounds that it had no duty to maintain the sidewalk and that as a matter of law the hole in the sidewalk was not a special defect. The trial court granted the City's motion for summary judgment on grounds that (1) the sidewalk defect was not a special defect under the Texas Tort Claims Act, (2) the City never received any notice of the defect as required by the act, and (3) the City enjoyed governmental immunity under the act.

Bernal complains that the trial court erred in granting the summary judgment. She insists that the hole in the sidewalk was a special defect, that the City had the duty to maintain the sidewalk, and that fact issues remain about whether the City had notice of a premise defect.

The standard of review on appeal is whether the successful movant at the trial level carried the burden of showing that there is no genuine issue of material fact and that a judgment should be granted as a matter of law. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991); *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548 (Tex.1985); *Duran v. Furr's Supermarkets, Inc.,* 921 S.W.2d 778, 784 (Tex.App.—El Paso 1996, writ denied). Thus, the question on appeal is not whether the summary judgment proof raises fact issues as to required elements of the movant's cause or claim, but whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more elements of the movant's cause or

claim. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970)

In resolving the issue of whether the movant has carried this burden, all evidence favorable to the non-movant must be taken as true and all reasonable inferences, including any doubts, must be resolved in the non-movant's favor. *Nixon,* 690 S.W.2d at 548–49. When the defendant is the movant and submits summary evidence disproving at least one essential element of each of the plaintiff's causes of action, then summary judgment should be granted. *Duran,* 921 S.W.2d at 784.

■ The gist of this case is whether the sidewalk defect here was a premise defect or a special defect. If it was a premise defect, the City owes Bernal only the duty that a private person owes to a licensee on private property. TEX.CIV.PRAC. & REM.CODE ANN. § 101.022(a)(Vernon 1997). That duty includes the use of ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not. *State Dep't of Highways and Pub. Transp. v. Payne,* 838 S.W.2d 235, 237 (Tex.1992).

■ If, however, the defect is a special defect, the City owes Bernal the same duty to warn that a private landowner owes an invitee. TEX.CIV.PRAC. & REM.CODE ANN. § 101.022(b). That duty includes the use of ordinary care to reduce or eliminate an unreasonable risk of harm created by a premise condition of which the owner is or reasonably should be aware. *Payne,* 838 S.W.2d at 237.

■ The Texas Tort Claims Act defines special defects as "defects such as excavations or obstructions on highways, roads, or streets...." TEX.CIV.PRAC. & REM.CODE ANN. § 101.022(b). These examples are not exclusive. *Harris County v. Eaton,* 573 S.W.2d 177, 179 (Tex.1978). In determining whether a defect falls within the class, the size and nature of the dangerous condition is considered. *Id.* A condition may be a special defect only if presents "an unexpected and unusual danger to ordinary users of roadways." *See State v. Burris,* 877 S.W.2d 298, 299 (Tex. 1994).

The Supreme Court has stated that "[w]hether a condition is a premise defect or a special defect is a question of duty involving statutory interpretation and thus an issue of law for the court to decide." *Payne,* 838 S.W.2d at 238. A honeyed phrase, but the author confesses that it makes no sense to him. Nevertheless, many Texas courts since *Eaton,* 573 S.W.2d at 177, this Court included, have matter of factly held that the question of whether a defect was a special defect for purposes of the Texas Tort Claims Act is a question of law. *See State Dep't of Highways and Pub. Transp. v. Kitchen,* 867 S.W.2d 784, 786 (Tex.1993)(per curiam); *Payne,* 838 S.W.2d at 238; *Morse v. State,* 905 S.W.2d 470, 473 (Tex.App.—Beaumont 1995, writ denied); *Chappell v. Dwyer,* 611 S.W.2d 158, 161 (Tex.Civ.App.—El Paso 1981, no writ); *State Dep't of Highways and Pub. Transp. v. Carson,* 599 S.W.2d 852, 854 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.). And more recently, the Supreme Court very succinctly held that "[d]etermining whether a condition is a special defect or an ordinary premise defect is a question of law for the court." *City of Grapevine v. Roberts,* 946 S.W.2d 841, 843 (Tex.1997). We do note that both *Payne* and *Roberts* were appeals from jury verdicts, so arguably the Supreme Court simply applied the facts to the law. Though it certainly seems that what we are about to do is fact finding, we are told that it is not. *See Blankenship v. County of Galveston,* 775 S.W.2d 439, 445 (Tex.App.—Houston [1st Dist.] 1989, no writ)(J. O'Conner concurring).

■ We begin, therefore, and employ a two-step analysis of the facts as presented in this record. The threshold question is whether the defect can in some way be related to a highway, roadway, or street. If it cannot, then it obviously cannot be a special defect. If it does relate, then it *may* be a special defect and we proceed to answer the second question—does the condition present an unexpected and unusual danger to ordinary users of the roadway?

The defect in this case was a hole in a downtown sidewalk. We find under the facts here that the defect was clearly related to a street. A sidewalk is defined as that portion of a street that is between a curb or lateral line of a roadway and the adjacent property line and is intended for pedestrian use. TEX. TRANSP.CODE ANN § 541.302(16)(Vernon Pamphlet 1998); *City of Wichita Falls v. Ramos,* 596 S.W.2d 654, 657 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.). Here, we have a downtown sidewalk. It directly abuts the curb and street. All pedestrians wishing to walk up or down that side of the street must use that sidewalk. As a matter of law, the defect in this sidewalk may be a special defect.

■ We must now address the second question of whether the defective condition in this case constituted a condition that presented an unexpected or unusual danger to the ordinary users of the sidewalk and was, therefore, a special defect as contemplated by the Texas Tort Claims Act. *See Payne,* 838 S.W.2d at 238.

The summary judgment evidence in this case consists of the affidavit of the director of the department of public inspection who stated that based on his inspection of photographs of the defect, that it was a "worn or depressed area ... on a sidewalk ... approximately 3 feet by 6 feet in size with a depth of 3 inches at its lowest point." Photographs also produced by the City show an eroded segment of the sidewalk with at least two distinct, shallow cavities. The larger defect extends from the wall of the abutting building outward toward the street curb, approximately six feet long, with the terminus about two feet from the curb. It appears to extend over eighty percent of the sidewalk's width. It also appears approximately three feet wide, requiring most, if not all pedestrians to step in it in order to pass by. Another, smaller cavity with a diameter the size of a basketball is about a foot distant, in the center of the sidewalk. Though not a pit to fall into, they still pose a hazard to the ordinary pedestrian. They present more than crumbling, fractured concrete. They are also not gradual depressions; the rim of each cavity is sharply defined.

The photographs do suggest that the defect would be apparent to the casual pedestrian. However, one of the photographs in the record shows a sizable group of pedestri-

256

ans walking down the sidewalk, away from the defect. The group occupies the entire breadth of the sidewalk and several are walking in file. Though not critical to our finding, we think it is a judicially noticeable fact, that is, generally known and verifiably certain, that South Stanton Street has one of the highest volumes of pedestrian traffic in the City of El Paso. However, there is no evidence here about the usual volume of pedestrian traffic on the day and time of Bernal's injury, and there is no evidence about the time of day the photographs in the record were taken.

Examining the evidence in the light most favorable to Bernal, and indulging every reasonable inference and resolving any doubts in her favor, we are unable to say that, either as a matter of law or as a question of law, that the defect here was not a special defect. *See Nixon*, 690 S.W.2d at 549. The defect is substantial and ordinary, and usual pedestrians were required to transverse it. It is not a ditch or moat, but the sharp edges of the defect are clearly hazardous and pose a clear threat of tripping pedestrians. In a crowd, the defect would be obscured and unapparent to the ordinary pedestrian. Considering the relationship of the defect to a street, its size and nature, and the likelihood that a pedestrian could be unavoidably and unexpectedly injured as the result of ordinary usage of the sidewalk, we conclude that the trial court erred in granting summary judgment on the basis that the sidewalk defect was not a special defect for purposes of the Texas Tort Claims Act. Accordingly, we reverse and remand for trial.