CITY OF EL PASO, Petitioner,

v.

Francisca BERNAL, Respondent.

No. 98–0559.

Supreme Court of Texas.

Feb. 4, 1999.

John D. Gates, El Paso, for Petitioner.

L. Taylor Zimmerman, El Paso, for Respondent.

PER CURIAM.

 Francisca Bernal sued the City of El Paso for damages she sustained when she tripped on an abraded area of a city sidewalk and fell. The City moved for summary judgment, contending that the area where Bernal tripped was not a "special defect" within the meaning of Section 101.022(b) of the Tort Claims Act,[1] that it had no knowledge of the condition of the sidewalk, and that without such knowledge it was immune from liability to Bernal. The district court granted the City's motion, but the court of appeals reversed and remanded, holding that the condition of the sidewalk was a special defect.[2] Whether a condition is a special defect is a question of law,[3] and we think the district court correctly held that the record established the City's right to summary judgment.

Where Bernal tripped was, according to the uncontroverted affidavit of a City official, a "worn or depressed area . . . approximately 3 feet by 6 feet in size with a depth of 3 inches, at its lowest point." Photographs included in the City's summary judgment evidence support this description. In *City of Grapevine v. Roberts*[4] we held that "a partially cracked and crumbled sidewalk step is not a defect of the same kind or class as the excavations or obstructions" considered to be special defects within the meaning of Section 101.022(b). Photographs included in the summary judgment evidence in *Roberts* showed that the condition of the city sidewalk did not "present an unexpected and unusual danger to ordinary users" as is necessary for a condition to be a special defect.[5] Likewise, the photographs in the present case, as well as the City's unchallenged affidavit evidence, establish that the area where the accident occurred was merely an eroded place in the flat surface of the sidewalk, certainly no more unexpected and unusual a danger than was the eroded step in *Roberts*. As a matter of law, the sidewalk's condition was not a special defect. Consequently, the City is immune from liability to Bernal if it was not actually aware of the sidewalk's condition.[6] The City's unchallenged summary judgment evidence establishes that it had no knowledge of the condition.

Accordingly, the Court grants the City's petition for review and without hearing oral argument, reverses the judgment of the court of appeals and renders judgment for the City.[7]

---

1. TEX. CIV. PRAC. & REM.CODE § 101.022(b).

2. 986 S.W.2d 253.

3. *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 238 (Tex.1992).

4. 946 S.W.2d 841, 843 (Tex.1997) (per curiam).

5. *Payne*, 838 S.W.2d at 238.

6. *See Roberts*, 946 S.W.2d at 843; *Payne*, 838 S.W.2d at 237.

7. TEX.R.APP. P. 59.1.