NUMBER 13-05-233-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






MARY B. SMITH, Appellant,


v.



CITY OF SWEENY, Appellee.





On appeal from the 149th District Court


of Brazoria County, Texas.






MEMORANDUM OPINION


 

Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion by Justice Rodriguez


 This is a personal-injury action. Appellant, Mary B. Smith, appeals from a
summary judgment granted in favor of appellee, the City of Sweeny (the City). By two
issues, appellant contends that the trial court erred in granting summary judgment in
favor of the City because the area in the street where she fell constituted a "special
defect" under the Texas Tort Claims Act (the Act), thus subjecting the City to liability
for personal injuries to appellant as an invitee. See Tex. Civ. Prac. & Rem. Code Ann.
§ 101.001 et. seq. (Vernon 2005 & Supp. 2006); State Dept. of Highways & Pub.
Transp. v. Payne, 838 S.W.2d 235, 237 (Tex. 1992). We affirm.

I. Background In January 2003, while making sewer repairs, the City dug up a four-foot
section of Travis Street in Sweeny, Texas. When the City finished its repairs, it
replaced the asphalt in that four-foot section, running from one side of the street to
the other, with rocks and shells that were even with the street. Appellant alleges that
on March 27, 2003, when she attempted to walk across the street, she fell because
the rocks and shells were loose. It is undisputed that appellant, knowing that the
rocks and shells were there, had driven over that section of street. Earlier the day of
her alleged injury, appellant also walked across the rock-and-shell-filled section of the
street. It was on her return trip that appellant allegedly fell.

 The City filed a traditional summary judgment contending, as a matter of law,
that the City was not liable because, among other things, the area about which
appellant complained was not a special defect. See Tex. R. App. P. 166a(b). The trial
court granted the City's motion, and this appeal ensued.

II. Standard of Review

 In the appeal of a traditional summary judgment, we must determine whether
the summary judgment proof establishes as a matter of law that there is no genuine
issue of material fact as to one or more of the essential elements of the plaintiff's
cause of action or whether the defendant has conclusively established all elements of
his affirmative defense. Velsicol Chem. Corp. v. Winograd, 956 S.W.2d 529, 530
(Tex. 1997) (per curiam); Walker v. Harris, 924 S.W.2d 375, 377 (Tex. 1996); Crain
v. Smith, 22 S.W.3d 58, 59 (Tex. App.-Corpus Christi 2000, no pet.). When
reviewing a summary judgment, we take as true all evidence favorable to the non-movant and indulge every reasonable inference in the non-movant's favor. See Cathey
v. Booth, 900 S.W.2d 339, 341 (Tex. 1996) (per curiam); Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 549 (Tex. 1985). In a traditional summary
judgment motion, the burden of proof falls to the movant to establish as a matter of
law that there is no genuine issue of material fact as to one or more of the essential
elements of the non-movant's cause of action. Velsicol, 956 S.W.2d at 530; Pech v.
Estate of Tavarez, 112 S.W.3d 282, 285 (Tex. App.-Corpus Christi 2003, no pet.). 
Because the propriety of a summary judgment is a question of law, we review the trial
court's granting of a motion for summary judgment de novo. Natividad v. Alexsis,
Inc., 875 S.W.2d 695, 699 (Tex. 1994); Pech, 112 S.W.3d at 285.

III. Special Defect

 By her first issue, appellant contends that a "four (4) foot hole" filled with rocks
and shells across the entire width of a city street is a "special defect" under the Act,
not a premises defect. The City asserts that the area of the street in question is at
most a premise defect under the Act and applicable case law. The City also argues
that the condition was open and obvious which removes the "sudden and unexpected
danger" element necessary for a finding of a special defect.

A. The Law

 The City is a municipal corporation and enjoys sovereign immunity subject to the
exceptions set forth in the Act. See Tex. Civ. Prac. & Rem. Code Ann. § 101.001 et.
seq. (Vernon 2005 & Vernon Supp. 2006). When a plaintiff is complaining about a
condition on the real property of a governmental entity, the question of whether the
condition constitutes a premise defect or a special defect must be determined in order
to utilize the correct liability standard in analyzing the case. Payne, 838 S.W.2d at
237. A special defect is an excavation or obstruction on a highway, road, or street,
see Tex. Civ. Prac. & Rem. Code Ann. § 101.022 (Vernon Supp. 2006), or some other
condition that presents an "unexpected and unusual danger to ordinary users of the
roadway." City of Houston v. Rushing, 7 S.W.3d 909, 915 (Tex. App.-Houston [1st
Dist.] 2002, pet. denied) (en banc) (citing State Dep't of Highways & Public Transp.
v. Kitchen, 867 S.W.2d 784, 786 (Tex. 1993) (per curiam)); Payne, 838 S.W.2d at
238; City of El Paso v. Bernal, 986 S.W.2d 610, 611 (Tex. 1999) (per curiam).

 Determining whether a condition is a special defect or a premises defect is a
question of law for the court. Tex. Dept. of Transp. v. Ramirez, 74 S.W.3d 864, 866
(Tex. 2002) (per curiam); City of Grapevine v. Roberts, 946 S.W.2d 841, 843 (Tex.
1997) (per curiam) (citing Payne, 838 S.W.2d at 238 ). Thus, we consider the issue
de novo. State v. Rodriguez, 985 S.W.2d 83, 85 (Tex. 1999) (per curiam); City of
Mission v. Cantu, 89 S.W.3d 795, 808 (Tex. App.-Corpus Christi 2002, no pet.). The parties have cited no cases, and we find none, where a condition involving
gravel, rocks, or shells on a roadway where a pedestrian has fallen has been held to
be a special defect. However, conditions on or around roadways that courts have
found to be special defects possess unexpected and unusual dangers toward ordinary
users of the roadways, and the conditions are substantial in size. See, e.g., State of
Tex. v. Wollesen, 93 S.W.3d 910, 913-14 (Tex. App.-Austin 2002, no pet.)
(determining that the presence of loose gravel unexpectedly and physically impaired
Wollesen's ability to travel on the road when she hit the gravel at the maintenance
site, tried to slow down, and quickly lost control of her car, the court concluded that
the loose gravel, one to two inches spread on top of hot, liquid asphalt to seal cracks
in the road, is a special defect); Tex. Dep't of Transp. v. O'Malley, 28 S.W.3d 652,
655-56 (Tex. App.-Corpus Christi 2000, pet denied) (concluding that 1/2 cubic yard
of loose gravel on a stretch of roadway, 200 feet in length and consisting of a curve,
is a special defect); see also, e.g., County of Harris v. Eaton, 573 S.W.2d 177,
178-79 (Tex. 1978) (concluding that an oval-shaped hole six to ten inches deep
extending across ninety percent of roadway, which caused car traveling at thirty-five
miles per hour to flip over, is a special defect); State Dept. of Highways v. Zachary,
824 S.W.2d 813, 815, 817 (Tex. App.-Beaumont 1992, writ denied) (concluding
standing water three inches deep on a service road is a special defect); State v.
McBride, 601 S.W.2d 552, 558 (Tex. Civ. App.-Waco 1980, writ ref'd n.r.e.) (holding
that a slick, muddy excavation of the highway that was so severe that car traveling
at less than thirty-five miles per hour went out of control is a special defect); Andrews
v. City of Dallas, 580 S.W.2d 908, 911 (Tex. Civ. App.-Eastland 1979, no writ)
(holding that a concrete base of a left-turn signal situated six inches from travel portion
of roadway is a special defect).

 Courts have also reviewed alleged special defects involving off-road conditions,
including sidewalk conditions. See, e.g., Roberts, 946 S.W.2d at 842 (disapproving
of appellate court's holding that a special defect exists where woman unexpectedly
lost her balance descending steps due to unusual height of the first step, attempted
to take the next step and stepped into a hole in the sidewalk step where the concrete
had cracked and crumbled away); Bernal, 986 S.W.2d at 622 (concluding that the area
where the accident occurred is merely an eroded place in the flat surface of a sidewalk
and is not unexpected or unusual enough of a danger to be considered a special
defect); City of El Paso v. Chacon, 148 S.W.3d 417, 422-25 (Tex. App.-El Paso
2004, pet. denied) (concluding that a hole created by the removal of a utility pole or
traffic control device in area of the sidewalk pedestrians normally walk constitutes a
special defect because it is unexpected and unusual and creates a hazard and danger
to normal users); Harris County v. Smoker, 934 S.W.2d 714, 719 (Tex. App.-Houston
[1st Dist.] 1996, writ denied) (holding that an "uncovered storm sewer located where
a pedestrian would normally walk on a street without a sidewalk and in the absence
of streetlights, constituted a special defect"); Heindman v. State Dept. of Highways
and Public Transp., 906 S.W.2d 43, 45 (Tex. App.-Tyler 1995, writ denied)
(determining that a 2-1/2 inch tall bump in the shoulder of the highway, one-foot wide
and two-feet long is neither unexpected nor unusual). 

B. Analysis

 In this case, the summary judgment evidence establishes that the road condition
was a four-foot strip across a residential street on which vehicles passed and at least
one pedestrian walked. Appellant, herself, had successfully driven over the area on
a number of occasions and had walked across it earlier that day. The shells and rocks
that filled that strip of road were loose, but they were even with the surface of the
road. The section ran across the entire width of the street and was not hidden from
one who would choose to walk across the street.

 Based on our review of the case law and under the facts of this case, taking as
true all evidence favorable to appellant and indulging every reasonable inference in her
favor, we conclude that the complained-of condition of the roadway did not constitute
an unexpected or unusual danger to appellant, (1)
 who had herself driven over and
walked on the area about which she complains. Moreover, an average pedestrian
walking across the street would likely expect to encounter loose gravel or even areas
of repair on the roadway. Further, we conclude as a matter of law that the
complained-of condition, a four-foot strip across the street filled with rocks and shells
that were even with the street, is not a defect of the same kind or class as the
excavations or obstructions the Act contemplates and the case law describes.

 

 Having determined that the complained-of road condition could not be classified
as an excavation or obstruction and does not constitute an unexpected or unusual
danger to ordinary users of the roadway, we conclude it is not a special defect. The
trial court did not err in granting the City's motion for summary judgment. Appellant's
first issue is overruled.

 Having determined that the condition of the road was not a special defect, we
need not address appellant's second issue wherein she asserts that if we find the
condition to be a special defect, then the City would have an obligation to warn of the
condition or to make the condition reasonably safe and it did neither. See Tex. R. App.
P. 47.1.

IV. Conclusion

 The judgment of the trial court is affirmed.


 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and

filed this 17th day of August, 2006.

 

 
1. We assume, without determining, that appellant was an ordinary user of Travis Street at the time of
her fall.