

# NUMBER 13-22-00420-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE CITY OF EDINBURG,                                                      Appellant,

v.

MARIBEL REYNA,                                                               Appellee.

### On appeal from the 92nd District Court
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Silva**
**Memorandum Opinion by Chief Justice Contreras**

Appellee Maribel Reyna filed a premises liability suit against appellant the City of

Edinburg alleging that a dangerous condition on a public sidewalk caused her to trip, fall,

and injure herself. The City filed a plea to the jurisdiction, which the trial court denied. By

its sole issue, the City appeals the trial court's denial of its plea, arguing that Reyna failed

to provide the necessary evidence to waive its immunity under the Texas Torts Claims Act (TTCA). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.014(a)(8), 101.021, 101.022, 101.025. We reverse and render judgment granting the plea and dismissing the case.

## I.     BACKGROUND

The underlying alleged trip and fall incident occurred on May 2, 2017. According to her deposition testimony, Reyna worked at the Hidalgo County Courthouse at the time of the incident. On the morning of May 2, Reyna parked her vehicle on the street and "was on [her] way to go into the courthouse." Reyna stated that she "had crossed the street from where [she] was parked" and was "walking into the courthouse" when she "stepped in an uneven sidewalk, and . . . fell." A map was admitted as an exhibit at Reyna's deposition indicating where she parked and where she tripped. The following pictures of the sidewalk were also admitted:

 

Reyna testified that she had previously walked on the same sidewalk and that, at those times, it "was not in perfect condition" and was uneven. She stated that prior to her fall, courthouse employees "would all just kind of comment to just everybody, like . . .

other employees" about the condition of the sidewalks surrounding the courthouse, but she never filed a complaint concerning the sidewalks.

On April 26, 2019, Reyna filed suit. The City filed its answer on May 24, 2019. On July 22, 2021, the City filed its "plea to the jurisdiction, or in the alternative, motion for summary judgment." In its plea, the City argued that: (1) Reyna failed to prove that it had actual knowledge of the alleged dangerous condition of the sidewalk; (2) Reyna had knowledge of the alleged dangerous condition of the sidewalk; and, therefore, (3) its immunity was not waived under the TTCA. In her response to the City's plea, Reyna stated that she raised a genuine issue of material fact concerning both the dangerous condition of the sidewalk and the City's knowledge thereof, but she provided no additional evidence of either.

The trial court heard arguments on the City's plea on December 16, 2021. On June 13, 2022, the trial court signed an order denying the City's plea. The court signed an amended order denying the City's plea on September 7, 2022. On September 14, 2022, the City filed its notice of accelerated appeal.

## II.   PLEA TO THE JURISDICTION

### A.   Standard of Review & Applicable Law

Subject matter jurisdiction is essential to a court's authority to decide a case. *Teal Trading & Dev., LP v. Champee Springs Ranches Prop. Owners Ass'n*, 593 S.W.3d 324, 331 (Tex. 2020) (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000)). Whether a trial court has subject matter jurisdiction is a question of law that we review de novo. *Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 682 (Tex. 2020) (citing

*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)).

Sovereign immunity protects the State and its agencies from lawsuits for money damages and deprives a trial court of subject matter jurisdiction over the plaintiff's claims. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 & n.2 (Tex. 2008). Governmental immunity offers the same protections for political subdivisions of the State, including municipalities. *Id.* "Governmental units are immune from suit unless immunity is waived by state law." *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022). "Because governmental immunity is jurisdictional, it is properly raised through a plea to the jurisdiction . . . ." *Id.*; *see Miranda*, 133 S.W.3d at 228.

The party suing a governmental unit bears the burden of affirmatively showing a waiver of immunity. *Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 512 (Tex. 2019). "To determine whether the party has met this burden, we may consider the facts alleged by the plaintiff and the evidence submitted by the parties." *Id.* (citing *Tex. Nat. Res. & Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001)).

To prevail on a claim of immunity, the governmental defendant "may challenge the pleadings, the existence of jurisdictional facts, or both." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Miranda*, 133 S.W.3d at 226. We will liberally construe the pleadings and look to the pleader's intent. *Id.* "If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction," the plaintiff should be afforded

4

the opportunity to amend. *Id.* If the pleadings affirmatively negate jurisdiction, then the plea may be granted without affording the plaintiff this opportunity. *Id.* at 227.

When a plea to the jurisdiction challenges jurisdictional facts, our review mirrors that of a traditional summary judgment motion. *Maspero*, 640 S.W.3d at 528 (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012)). To that end, "all the evidence is reviewed in the light most favorable to the plaintiff to determine whether a genuine issue of material fact exists." *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019); *see Maspero*, 640 S.W.3d at 528–29 ("[W]e take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor."). "A genuine issue exists if 'the evidence is such that a reasonable jury could find that fact in favor of the non-moving party.'" *Smith v. Mosbacker*, 94 S.W.3d 292, 294 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.) (quoting *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied)). "Material facts are those facts which 'affect the outcome of the suit under the governing law.'" *Id.* (quoting *Moore*, 981 S.W.2d at 269). If "the pleadings and evidence generate a 'fact question on jurisdiction,' dismissal on a plea to the jurisdiction is improper," and the fact issue will be resolved at trial by the factfinder. *Maspero*, 640 S.W.3d at 529 (citing *Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 116 (Tex. 2010) (per curiam)). "However, 'if the evidence is undisputed or fails to raise a fact question,' the plea must be granted." *Id.* (quoting *Hayes*, 327 S.W.3d at 116).

The TTCA waives governmental immunity for, among other things, "personal injury . . . caused by a condition . . . of . . . real property if the governmental unit would,

5

were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021. Generally, for such conditions, a governmental unit owes only the duty that a private person owes to a licensee on private property. *Id.* § 101.022(a). That duty requires that "a landowner not injure a licensee by willful, wanton or grossly negligent conduct, and that the owner use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not." *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 385 (Tex. 2016) (quoting *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992)). "Actual knowledge, rather than constructive knowledge of the dangerous condition is required." *Id.* at 392 (quoting *State v. Tennison*, 509 S.W.2d 560, 562 (Tex. 1974)). "Although there is no one test for determining actual knowledge that a condition presents an unreasonable risk of harm, courts generally consider whether the premises owner has received reports of prior injuries or reports of the potential danger presented by the condition." *Univ. of Tex.-Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008) (per curiam). "Awareness of a potential problem is not actual knowledge of an existing danger." *Reyes v. City of Laredo*, 335 S.W.3d 605, 609 (Tex. 2010) (per curiam).

If, however, the plaintiff pays for the use of the relevant premises, or if the dangerous condition constitutes a "special defect," the governmental unit owes a heightened duty owed to an invitee. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(a), (b); *City of Dallas v. Davenport*, 418 S.W.3d 844, 847 (Tex. App.—Dallas 2013, no pet.). While a licensee must prove a landowner's actual knowledge of the dangerous condition to succeed on a premises liability claim, an invitee must prove only that the landowner

6

"knew *or should have known* about the condition." *Davenport*, 418 S.W.3d at 847 (emphasis added). Additionally, while a licensee must prove she lacked knowledge of the dangerous condition to establish liability, an invitee need not prove as much. *Payne*, 838 S.W.2d at 237.

## B.    Analysis

As an initial matter, we note that Reyna approaches the City's arguments on appeal as a challenge to the sufficiency of her pleadings. *See Miranda*, 133 S.W.3d at 226. She argues that she "may rely solely on her pleading allegations to prevail in a challenge to the jurisdiction of the trial court and she is not required to come forward with admissible evidence to establish [a] premises defect." And were this Court to nonetheless hold in the City's favor, Reyna argues she should be given the opportunity to amend her pleadings to cure any jurisdictional defect.

While the City's brief does state in a footnote that Reyna failed to explicitly plead that the sidewalk at issue constituted a special defect, the City's primary contention concerns the jurisdictional fact of its actual knowledge—or lack thereof—of the alleged dangerous condition.[1] And, as here, when "a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do." *Id.* at 227. In this case, that requires a determination of whether the City would be

---

[1] The City focuses its arguments on its lack of actual knowledge of the purported dangerous condition of the sidewalk but does not contend that the sidewalk was not a dangerous condition. *See State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992) (noting a landowner must "use ordinary care either to warn a licensee of, or to make reasonably safe, *a dangerous condition* of which the owner is aware and the licensee is not") (emphasis added). Because it is otherwise dispositive, we focus our analysis where the City does.

liable for premises defect "were it a private person." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021. We now undertake that analysis.

### 1. The City Did Not Owe Reyna the Duty Owed to An Invitee

Reyna contends on appeal that the City owed her the heightened duty of an invitee because (i) the relevant sidewalk condition constituted a special defect, and (ii) the trial court could have taken judicial notice that she paid for the use of the sidewalk by paying to park on the street, as the parking meter was adjacent to the sidewalk. Accordingly, she argues that she must prove only that the City should have known of the purported dangerous sidewalk condition to maintain her suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(a); *Davenport*, 418 S.W.3d at 847. We disagree.

#### i. The Sidewalk's Condition Is Not a Special Defect

The sidewalk's condition in this case is not a special defect. While not defined in the statute, the TTCA likens special defects to "excavations or obstructions on highways, roads, or streets." TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(b); *see Denton County v. Beynon*, 283 S.W.3d 329, 331 (Tex. 2009); *Tex. Dep't of Transp. v. Ramirez*, 566 S.W.3d 18, 23 (Tex. App.—San Antonio 2018, pet. denied). "A condition must therefore be in the same class as an excavation or obstruction on a roadway to constitute a special defect." *Tex. Dep't of Transp. v. Perches*, 388 S.W.3d 652, 655 (Tex. 2012) (per curiam) (citing *Beynon*, 283 S.W.3d at 331–32). Sidewalk defects may be in that class because sidewalks are "sufficiently related to the street." *City of Austin v. Rangel*, 184 S.W.3d 377, 383 (Tex. App.—Austin 2006, no pet.); *see also City of Austin v. Furtado*, No. 03-21-00083-CV, 2021 WL 6194365, at *3 (Tex. App.—Austin Dec. 31, 2021, pet. denied)

8

("Defects on a sidewalk may be within the class because a sidewalk is sufficiently related to a roadway.") (cleaned up). But "the class of special defects contemplated by the statute is narrow." *Perches*, 388 S.W.3d at 655 (quoting *Hayes*, 327 S.W.3d at 116). "[C]onditions can be special defects 'only if they pose a threat to the ordinary users of a particular roadway.'" *Hayes*, 327 S.W.3d at 116 (quoting *Beynon*, 283 S.W.3d at 331). Texas' "special-defect jurisprudence turns on the objective expectations of an 'ordinary user' who follows the 'normal course of travel.'" *Id.* (quoting *Beynon*, 283 S.W.3d at 332). "Whether a condition is a special defect is a question of law." *Id.*

The supreme court and other Texas courts have held in multiple cases that uneven sidewalks and street surfaces of the type displayed in this case, or worse, do not constitute special defects under the TTCA. *See, e.g.*, *City of Denton v. Paper*, 376 S.W.3d 762, 765 (Tex. 2012) (per curiam) (concluding that sunken area in street, which "varied from two inches to a few inches more at its deepest point," was not a special defect); *City of Dallas v. Reed*, 258 S.W.3d 620, 621 (Tex. 2008) (per curiam) ("[W]e conclude that a two-inch variance in elevation between traffic lanes is not a special defect."); *City of El Paso v. Bernal*, 986 S.W.2d 610, 611 (Tex. 1999) (per curiam) (concluding that a "'worn or depressed area [of a sidewalk] . . . approximately 3 feet by 6 feet in size with a depth of 3 inches, at its lowest point[]'" was not a special defect); *City of Grapevine v. Roberts*, 946 S.W.2d 841, 843 (Tex. 1997) (per curiam) ("Construing a partially cracked and crumbled sidewalk step to be an excavation or obstruction grossly strains the definitions of those conditions. As a matter of law, a partially cracked and crumbled sidewalk step is not a defect of the same kind or class as the excavations or obstructions the [TTCA]

9

contemplates."); *City of Richardson v. Justus*, 329 S.W.3d 662, 664 (Tex. App.—Dallas 2010, no pet.) (holding that "a vertical separation in the sidewalk of at least three inches" was not a special defect); *see also City of Dallas v. Monroy*, No. 05-22-00012-CV, 2022 WL 4363836, at *4 (Tex. App.—Dallas Sept. 21, 2022, no pet.) (mem. op.) (holding that sunken portion of sidewalk "appearing to measure from a few inches to possibly 5 to 6 inches in height or depth" and adjacent hole in sidewalk were not special defects).

Here, the sunken portion of the sidewalk that Reyna complains of appears to measure about 1/4 to 2 inches in depth.[2] While she argues on appeal that the defect was a "hole" in the sidewalk, the only evidence of the defect is Reyna's testimony that the sidewalk was uneven with "a gap between the . . . two pieces of cement where they come together" and the above pictures of the sidewalk. Based on Reyna's testimony and the sidewalk pictures, we conclude the sidewalk is neither in the same class as an excavation or obstruction, nor an unusual danger to sidewalk users. *See Justus*, 329 S.W.3d at 666; *Hayes*, 327 S.W.3d at 116; *Bernal*, 986 S.W.2d at 611 (noting in part that photographs of the sidewalk's condition "establish that the area where the accident occurred was merely an eroded place in the flat surface of the sidewalk, certainly no more unexpected and unusual a danger than was the eroded step in *Roberts*[, 946 S.W.2d at 841]" and concluding "[a]s a matter of law[ that] the sidewalk's condition was not a special defect"). Indeed, Reyna testified that it was generally known among her colleagues that the sidewalks surrounding the courthouse were not in perfect condition. An ordinary user of a sidewalk known to be uneven at points would expect certain parts of the sidewalk to be

---

[2] Besides the photos, the parties neither presented evidence nor stipulated to the depth of the sidewalk's uneven portion.

10

uneven and, in the normal course of travel, would take the attendant precautions. *See Hayes*, 327 S.W.3d at 116. Consequently, Reyna has not presented a viable special defect claim to classify her as an invitee.

### ii. Reyna Did Not Pay to Use the Sidewalk

Similarly, we reject Reyna's argument that the trial court could have taken judicial notice that she paid to use the sidewalk. *See* Tex. R. Evid. 201(c); Tex. Civ. Prac. & Rem. Code Ann. § 101.022(a). Reyna never raised this theory with the trial court, and she has provided no evidence or testimony that she did, in fact, pay to park on the morning of May 2, 2017. In any event, under the TTCA, "invitee status requires payment of a specific fee for entry onto and use of public premises." *Davenport*, 418 S.W.3d at 847 (brackets omitted). A fee that merely relates to the premises is not sufficient under the TTCA to constitute payment for use of the premises. *Id.* at 848. As applied here, even assuming Reyna paid to park on the street, her payment was not made for the use of the sidewalk on which she tripped—which, per her testimony and the map of the surrounding area admitted at her deposition, was located across the street and down the block from her vehicle. And Reyna has provided no argument or authority providing how the sidewalk could have otherwise been considered paid-for. *See* Tex. R. App. P. 38.1(i). We thus conclude that Reyna was not an invitee on a theory of payment for use of the sidewalk. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.022(a).

Given our conclusions, the City owed Reyna only the duty owed to licensees. Thus, Reyna was required to present evidence that the City had actual knowledge of the alleged dangerous condition of the sidewalk. *See id.*; *Sampson*, 500 S.W.3d at 385.

11

### 2. Reyna Provided No Evidence of the City's Actual Knowledge of the Sidewalk's Condition

As noted, the duty owed to a licensee requires that "a landowner not injure a licensee by willful, wanton or grossly negligent conduct, and that the owner use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not." *Sampson*, 500 S.W.3d at 385 (quoting *Payne*, 838 S.W.2d at 237). Actual knowledge of the alleged dangerous condition is required. *Id.* at 392. And in determining whether a landowner has actual knowledge that a condition presents an unreasonable risk of harm, "courts generally consider whether the premises owner has received reports of prior injuries or reports of the potential danger presented by the condition." *Aguilar*, 251 S.W.3d at 513. In this case, Reyna bears the burden to present evidence raising a fact issue on the jurisdictional facts in question. *See Swanson*, 590 S.W.3d at 552; *McKenzie*, 578 S.W.3d at 512.

The record contains no evidence that the City had actual knowledge of the condition of the sidewalk. While Reyna testified that certain employees would discuss the condition of the sidewalks surrounding the courthouse, she stated that she never made a formal complaint and presented no evidence of a complaint made by anybody else. *See Aguilar*, 251 S.W.3d at 513. Reyna has not met her burden of presenting evidence raising a fact issue that the City had actual knowledge of the sidewalk's condition in this case.

As the City highlights, Reyna also testified that she knew of the sidewalk's condition before her trip and fall accident. And a landowner only owes a duty to warn a licensee of "a dangerous condition of which the owner is aware *and the licensee is not*." *See Sampson*, 500 S.W.3d at 385 (emphasis added).

12

For the reasons stated above, Reyna has failed to present evidence supporting a case of premises liability and creating a fact issue on jurisdiction, and the City's immunity was, therefore, not waived. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021; *Sampson*, 500 S.W.3d at 385. Consequently, the trial court erred by denying the City's plea to the jurisdiction. *See Bernal*, 986 S.W.2d at 611. We sustain the City's sole issue on appeal.

The City's lack of knowledge of the sidewalk's condition, and Reyna's knowledge of the same, are jurisdictional facts negating jurisdiction, and these defects are incurable by amendments to Reyna's pleadings. Accordingly, Reyna is not entitled to an opportunity to amend her pleadings. *See Miranda*, 133 S.W.3d at 226–27.

### III.   CONCLUSION

We reverse the trial court's judgment and render judgment granting the City's plea to the jurisdiction and dismissing Reyna's suit.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
9th day of February, 2023.

13