THE UNIVERSITY OF TEXAS–PAN AMERICAN, Petitioner,

v.

Tony AGUILAR and Kay Marie Aguilar, Respondents.

No. 07–0424.

Supreme Court of Texas.

April 18, 2008.

Greg Abbott, Attorney General of Texas, Kent C. Sullivan, First Assistant Attorney General, Kamilla Lane Stokes, Assistant Attorney General, Rafael Edward Cruz, David S. Morales, Philip A. Lionberger, Office of the Attorney General of Texas, Austin TX, for Petitioner.

Jerry L. Stapleton, Stapleton Curtis & Boswell, L.L.P., Harlingen, Francisco En-riquez, Law Offices of Frank Enriquez, McAllen TX, for respondents.

## PER CURIAM.

In this premises liability case, we must decide whether a workplace safety manual, warning of the dangers of obstructing office walkways with exposed electrical cords, is evidence of the defendant University's actual knowledge that a water hose lying across a sidewalk was an unreasonably dangerous condition. The court of appeals concluded that the University's safety manual was sufficient to create a fact issue about whether the University had actual knowledge that the water hose presented an unreasonable risk of harm. 2007 WL 610731, at *2. Because the safety manual did not identify this specific risk, we conclude that it was not evidence that the University had actual knowledge of an unreasonable risk of harm.

Tony Aguilar, a student at the University of Texas–Pan American, was walking to class when he tripped on a water hose lying across a campus sidewalk and broke his knee. Aguilar and his wife sued the University to recover damages alleging premises liability. The University filed a plea to the jurisdiction, arguing that the Aguilars failed to plead facts sufficient to establish a waiver of governmental immunity under the Texas Tort Claims Act. *Id.* The trial court denied the motion, and the University filed an interlocutory appeal. The court of appeals affirmed. *Id.*

Generally, we lack jurisdiction over interlocutory appeals unless an exception applies, such as when a court of appeals holds differently from a prior decision of this Court or another court of appeals. *See* TEX. GOV'T CODE §§ 22.225(b), (c), 22.001(a)(2); *City of San Antonio v. Ytuarte*, 229 S.W.3d 318, 319 (Tex.2007) (per curiam). Decisions that hold differently

are defined to include those that have an "inconsistency in their respective decisions that should be clarified to remove unnecessary uncertainty in the law and unfairness to litigants." TEX. GOV'T CODE § 22.25(e). Such a conflict exists here because the court of appeals' opinion is inconsistent with the decisions in *City of Houston v. Harris,* 192 S.W.3d 167 (Tex.App.-Houston [14th Dist.] 2006, no pet.), and *Rice Food Market, Inc. v. Hicks,* 111 S.W.3d 610 (Tex.App.-Houston [1st Dist.] 2003, pet. denied).

▮ A unit of state government is immune from suit and liability unless the state consents. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999) (per curiam). The Tort Claims Act provides a limited waiver of immunity when an injury is caused by a premises defect. TEX. CIV. PRAC. & REM.CODE § 101.022(a). The Act generally limits the duty owed to "that a private person owes to a licensee on private property." *Id.* This duty requires that the landowner either warn the licensee of, or make reasonably safe, a dangerous condition of which the landowner has actual knowledge, and the licensee does not. *State Dep't of Highways & Pub. Transp. v. Payne,* 838 S.W.2d 235, 237 (Tex.1992).

The court of appeals affirmed the denial of the plea to the jurisdiction, holding that a fact issue existed regarding whether the University had actual knowledge that the water hose created an unreasonable risk of harm. 2007 WL 610731, at *2. The court concluded that the University's admitted use of water hoses on campus, coupled with the statements in its safety manual, created a fact issue about whether the University had actual knowledge that the water hose presented an unreasonable risk of harm. *Id.* The court found the following guidelines from the University's safety manual pertinent to the question of actual knowledge:

Floors and other walking areas should be kept unobstructed. Corridors ... are the primary means of egress.... Keep all means of egress free from obstructions. Do not place hazardous equipment o[r] materials in areas that are used for egress. Equipment should be arranged so that electrical and telephone cords do not present tripping hazards. Flexible cords should never cross paths of travel unless suitably protected to avoid damage and the creation of tripping hazards.

*Id.* (internal citations omitted)

▮ Although there is no one test for determining actual knowledge that a condition presents an unreasonable risk of harm, courts generally consider whether the premises owner has received reports of prior injuries or reports of the potential danger presented by the condition. *Brinson Ford,* 228 S.W.3d at 163 (noting that over a ten-year period no customer visiting the car dealership had been injured by the allegedly dangerous ramp, nor had the dealership received any complaints about the ramp's safety); *City of Houston,* 192 S.W.3d at 175 (finding that a metal elephant statue at the zoo was not unreasonably dangerous because the City introduced evidence that it had no knowledge of prior accidents or complaints involving the statue); *Rice Food Mkt.,* 111 S.W.3d at 613 (noting that the allegedly dangerous sign had never fallen before and there had been no similar incidents). Here, the University's Director of Health and Safety testified that there had been no incidents of pedestrians tripping on water hoses on the campus in the past five years. Additionally, the Assistant Director for Facilities, Operations and Maintenance testified that there were no rules or guidelines for the use and placement of water hoses because they had never been a problem on campus.

The court of appeals suggests that the University's safety manual creates such guidelines, but we disagree. The University's safety manual has no apparent relevance to water hoses or outdoor safety. Rather, the manual discusses indoor safety, under such headings as "Working Surfaces," "Emergency Egress and Emergency Access," "Housekeeping and Storage," "Office Safety," and "Electrical Safety." It generally discusses keeping floors, corridors and means of egress clear, mentioning that flexible cords should not cross paths of travel. No mention is made of outdoor safety precautions or the use of lawn maintenance equipment. In fact, nothing in the manual remotely suggests that a water hose can present an unreasonable risk of harm. Thus, we conclude that the safety manual here is not relevant to the risk at issue and thus cannot be evidence of the University's actual knowledge.

We conclude, therefore, that there is no evidence of the University's actual knowledge that the hose's use under these circumstances presented an unreasonable risk of harm. Accordingly, we grant the petition for review, and, without hearing oral argument pursuant to Rule 59.1 of the Texas Rules of Appellate Procedure, we reverse the court of appeals' judgment, and dismiss the case.