# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00581-CV

### The University of Texas at Austin, Appellant

### v.

### Robert Hayes, Appellee

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY,
### NO. 279814, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

### D I S S E N T I N G   O P I N I O N

Because I believe that the condition in question may not, as a matter of law, be considered an unreasonably dangerous condition and because I also believe that the University fulfilled any duty to warn that it may have owed, I would hold that the University's immunity was not waived. *See Chapman v. City of Houston*, 839 S.W.2d 95, 100 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (explaining that state universities are state agencies and enjoy sovereign immunity except in statutorily defined circumstances). For these reasons, I respectfully dissent from the opinion of the majority.

Although the majority sets out a thorough rendition of portions of the law pertaining to "unreasonably dangerous conditions," the majority fails to address two key areas that I feel are dispositive in this case. First, to establish a waiver of immunity, a plaintiff must demonstrate that at the time of the accident, the governmental entity had actual *knowledge* of a condition that posed

*an unreasonable risk of harm. See City of Corsicana v. Stewart*, 249 S.W.3d 412, 413 (Tex. 2008) (per curiam). Second, in determining whether an owner has the requisite knowledge, "courts generally consider whether the premises owner has received reports of prior injuries or reports of the potential danger presented by the condition."[1] *University of Tex.-Pan Am. v. Aguilar*, 251 S.W.3d 511, 514 (Tex. 2008) (per curiam).

In this case, no evidence was presented demonstrating that the University had received any reports that would have put it on notice that the chain across the pathway posed an unreasonable risk of harm. For this reason alone, I would conclude that the University's immunity had not been waived and that the district court erred by denying the plea to the jurisdiction. However, even assuming that the University had actual knowledge that the chain posed an unreasonable risk of harm, I would still conclude that the University's immunity had not been waived.

As a preliminary matter, I would conclude that the location where Hayes was injured did not constitute a special defect. Although the majority correctly points out that the determination of whether a condition constitutes a special defect is a question of law, *see City of Grapevine v. Roberts*, 946 S.W.2d 841, 843 (Tex. 1997), they did not make that determination and instead concluded that the issue of whether there was a special defect may require further factual development. I disagree and would conclude that the evidence established that the condition was not a special defect as a matter of law.

---

[1] In making this assertion, the supreme court acknowledged that there are other tests for determining whether a condition presents an unreasonable risk of harm. *See University of Tex.-Pan Am. v. Aguilar*, 251 S.W.3d 511, 514 (Tex. 2008) (per curiam). Although the supreme court did not describe the circumstances in which those other tests might be utilized, nothing in the record presented in this case indicates to me that another test is warranted under these circumstances.

Special defects include "excavations or obstructions on highways, roads, or streets." Tex. Civ. Prac. & Rem. Code Ann. § 101.022(b) (West Supp. 2008). Because the Tort Claims Act does not provide definitions for "highways," "roads," or "streets," courts often look to definitions found in the transportation code. *See, e.g.*, *City of Austin v. Rangel*, 184 S.W.3d 377, 384 (Tex. App.—Austin 2006, no pet.). The transportation code defines highways and streets as "the width between the boundary lines of a publicly maintained way any part of which is open to the public for vehicular travel" and a roadway as "the portion of a highway, other than the berm or shoulder, that is improved, designed, or ordinarily used for vehicular travel. If a highway includes at least two separate roadways, the term applies to each roadway separately." Tex. Transp. Code Ann. § 541.032(5), (11) (West 1999).

Although there is no dispute that the pathway had been obstructed, I would hold that the University demonstrated that the location where Hayes was injured was not a highway, road, or street. The University stated that Hayes was injured on an "inner-campus" driveway that was not used by the general public.[2] Moreover, the University stated that the pathway was completely located within the campus and did not directly connect with any "City of Austin streets." Furthermore, the University stated that the drive was located within the "guard shack perimeter of the University's campus" and that, therefore, the individuals that were authorized to use the drive were restricted. *Cf. id.* § 541.032(9) (West 1999) (defining "private roadways or driveways" as "privately owned way or place used for vehicular travel and used only by the owner and persons who have the owner's express or implied permission"). In addition, Hayes passed a sign stating "No Thru

---

[2] Kazmirski testified that unlike the roads that went through this campus, he did not believe that the pathway had been given a name.

3

Traffic" when he entered the campus. The facts that vehicles and bicycles use and are expected to use the pathway, that there was no sign restricting bicycle traffic on the pathway, and that people use the pathway to obtain access to the service area of a couple of buildings and a parking lot inside the University do not, on their own, create a fact question as to whether the pathway is a highway, road, or street. *See, e.g. id.*, § 541.302 (West 1999) (defining "alley" as street "not used primarily for though traffic" but "provides access to rear entrances of buildings or lots along a street"). Whatever else the evidence may demonstrate, at a minimum, it establishes that the location where Hayes was injured was not a highway, road, or street.

Because I would conclude that no special defect was present, I would further conclude that the University only owed Hayes the duty that a landowner owes to a licensee. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.022(a) (West Supp. 2008). Because a licensee enters land for his or her own purposes, the duty owed by a landowner to a licensee is not that of an insurer of safety, and a licensee "has no right to demand that the land be made safe for his reception" and "must in general . . . look out for himself." *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002) (citing Prosser & Keeton, *Prosser & Keeton on Torts* § 60, at 412 (Lawyers' ed. 1984)). In those instances where an unreasonably dangerous condition exists and where the owner is aware of the condition, the only duty imposed upon the owner is to use ordinary care to either warn the licensee of the condition or make the condition reasonably safe. *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992).

It is undisputed that the University placed a barricade across the middle of the pathway to block vehicular traffic and to draw attention to the chain. It is also undisputed that Hayes could and did see the barricade. Accordingly, the University provided all the warning that it was

4

required to. Hayes chose to ignore the warning and made the erroneous assumption that the warning did not apply to him.

Finally, I question the logic of imposing a duty on the University under these circumstances. The underlying basis for all negligence actions is whether it is foreseeable that harmful consequences will result from conduct engaged in by a party. *See Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983). If harmful consequences are not foreseeable, no duty of care is imposed on a landowner. *See Trammell Crow Cent. Tex., Ltd. v. Gutierrez*, 267 S.W.3d 9, 17 (Tex. 2008); *see also Texas Home Mgmt. Inc. v. Peavy*, 89 S.W.3d 30, 36 (Tex. 2002) (explaining that foreseeability is dominant consideration in duty analysis and that risk of harm must be foreseeable before duty may be imposed because there is no moral or legal obligation to prevent things that cannot be foreseen).

Hayes presented evidence that the area was dark and poorly lit, and one of the investigating officer's reports stated that the "lighting in the area is extremely poor." In light of the preceding, I fail to see how the University could have anticipated that bicyclists would disregard and proceed past a warning barricade and then attempt to ride on an unlit and darkened pathway.

For all of these reasons, I would reverse the trial court's order and render a dismissal for lack of jurisdiction.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Filed: March 6, 2009

5