**Reversed and Rendered and Memorandum Opinion filed August 7, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00089-CV

### THE CITY OF STAFFORD, TEXAS, Appellant

### V.

### JOE SVADLENAK, Svadlenak

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 17-DCV-242637**

## MEMORANDUM OPINION

Joe Svadlenak sued the City of Stafford to recover for injuries he sustained after falling down the stairs at the Stafford City Civic Center. The City appeals the trial court's denial of its plea to the jurisdiction, which sought dismissal of Svadlenak's suit based on governmental immunity. We reverse the trial court's order denying the City's plea to the jurisdiction and render a take-nothing judgment in favor of the City.

BACKGROUND

Svadlenak, a claims investigator, was investigating an unrelated incident at the Stafford City Civic Center when he fell down a set of stairs. The following factual recitation is taken from the parties' affidavits and accompanying photos.

On the day of the incident, Susan Ricks, the City's Director of Recreation, was walking Svadlenak through the Civic Center's auditorium. According to Ricks, while she was walking through the auditorium with Svadlenak, "the 'can' lights in the ceiling of the Civic Center were on . . . it was daylight and the auditorium doors were open which allow[ed] light into the auditorium."

Ricks states that she walked down the first set of three stairs then up a second set of stairs that led onto the auditorium stage. As he was following Ricks, Svadlenak stopped before the first set of stairs to take photographs of the stage. Svadlenak proceeded to follow Ricks towards the stage when he "fell unexpectedly." Svadlenak fell down a set of three carpet-covered stairs. The first step at the top of the stairs was framed by a waist-high wall, and all three steps were flanked by handrails on either side.

Ricks states that, when she reappeared on the auditorium stage, she saw Svadlenak getting up from the floor. Ricks asked if Svadlenak was "ok." Svadlenak replied "yes" and said that he was "ok."

Svadlenak asserts that, after he fell, he told Ricks "that the stairs should have been marked with a warning and supplied with better lighting." According to Svadlenak, Ricks informed him the City "had upgraded and installed step lighting in their other auditorium and planned to install step lighting in this auditorium."[1]

---

[1] The City challenges this portion of Svadlenak's affidavit. According to Ricks's supplemental affidavit, she contends that she did not tell Svadlenak the City planned to install step lighting in the Civic Center because step lighting already had been installed in the Civic Center

Ricks's affidavit states:

> I was not aware the stairs were "dangerous" or a hazard in any way and, in fact, I had walked down the same stairs minutes before Mr. Svadlenak fell.

After his fall, Svadlenak underwent eye surgery for a "dense vitreous hemorrhage and three (3) giant retinal tears." Seeking to recover for his injuries, Svadlenak sued the City and asserted a premises liability claim under the Texas Tort Claims Act (the "TTCA"). *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.022 (Vernon 2011).

The City filed a plea to the jurisdiction; the trial court denied the plea in an order signed January 19, 2018. The City timely filed an interlocutory appeal. *See id*. § 51.014(a)(8) (Vernon Supp. 2017).

## STANDARD OF REVIEW

A plea to the jurisdiction challenges the trial court's subject matter jurisdiction to hear a case. *Tex. Dep't of Parks & Wildlife v. Miranda.*, 133 S.W.3d 217, 225-26 (Tex. 2004). We review a challenge to the trial court's subject matter jurisdiction *de novo*. *Id.* at 226. A plaintiff bears the burden of alleging facts that demonstrate the trial court's jurisdiction. *Id.* "We consider only the plaintiff's pleadings and the evidence pertinent to the judicial inquiry, and we do not consider the claim's merits." *Johnson v. Oxy USA, Inc.*, 533 S.W.3d 395, 398 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). The standard of review for a jurisdictional plea "mirrors that of a summary judgment" and we construe the pleadings and evidence liberally in favor of the plaintiff. *Miranda*, 133 S.W.3d at 226-27.

Governmental immunity protects the State and its political subdivisions from

---

since at least 2002. In support of this assertion, the City submitted into evidence a photograph of the stairs that Svadlenak fell down. It is not readily apparent from the photograph whether there are step lights on the stairs.

lawsuits and liability. *Miranda*, 133 S.W.3d at 224; *see Univ. of Tex. Health Sci. Ctr. at Houston v. McQueen*, 431 S.W.3d 750, 754 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("Absent a waiver, governmental entities . . . are generally immune from suits for damages.").

The TTCA waives governmental immunity for negligent acts in certain circumstances, including for those involving personal injuries caused by a condition or use of real property. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (Vernon 2011). The TTCA limits a governmental entity's duty for ordinary premises defects to "the duty that a private person owes to a licensee on private property[.]" *Id.* § 101.022(a). Svadlenak agrees in his briefing that he was a licensee at the time of the incident giving rise to his suit. When a governmental entity has actual knowledge of a dangerous condition and the licensee does not, the entity has a duty to exercise ordinary care to warn the licensee of the condition or to make the condition reasonably safe. *City of Denton v. Paper*, 376 S.W.3d 762, 766 (Tex. 2012) (per curiam).

## ANALYSIS

The City challenges the trial court's denial of its plea to jurisdiction on grounds that (1) the City "was not aware of a dangerous condition on its premises prior to the accident" as required to waive immunity under the TTCA; and (2) "Mr. Svadlenak failed to provide the city with the required notice." Because we sustain the City's first issue, we do not address its second issue on appeal.

To establish a waiver of governmental immunity under the TTCA, a licensee must show that the premises owner had actual knowledge of the dangerous condition at the time of the incident. *Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 117 (Tex. 2010) (per curiam); *State v. Tennison*, 509 S.W.2d 560, 562 (Tex. 1974). "Although there is no one test for determining actual knowledge that a condition

4

presents an unreasonable risk of harm, courts generally consider whether the premises owner has received reports of prior injuries or reports of the potential danger presented by the condition." *Univ. of Tex.-Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008) (per curiam).

Evidence that the premises owner could have done more to warn the licensee does not show awareness of a dangerous condition as necessary to waive immunity. *Hayes*, 327 S.W.3d at 117-18 ("Hayes's suggestion that the University could have done more to warn him is not direct evidence to show that the University had actual knowledge of a dangerous condition"). Similarly, evidence showing only that a premises owner "knew of a safer, feasible alternative design" does not indicate that the owner had actual knowledge of a dangerous condition. *See CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102 (Tex. 2000).[2] "[A] condition is not unreasonably dangerous simply because it is not foolproof." *Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 163 (Tex. 2007) (per curiam).

Svadlenak asserts that the "unmarked, unlit stairs created a sudden drop-off which posed an unreasonable risk of harm." Even assuming that the stairs were unlit and the City was aware that the stairs were unlit, we conclude that the evidence does not give rise to an issue of fact regarding the City's awareness of a dangerous condition arising from unlit stairs.

Ricks states in her affidavit that she was not aware "of any other accident involving [the stairs at issue] in which someone claimed the stairs were hard to see or needed better lighting." Svadlenak did not present any evidence to rebut Ricks's statement regarding prior incidents. The record does not contain any evidence

---

[2] The court in *Daenen* analyzed the duty owed by a premises owner to an invitee. *See Daenen*, 15 S.W.3d at 102. The duty owed by a premises owner to an invitee is greater than the duty owed to a licensee. *See Mayer v. Willowbrook Plaza Ltd. P'ship*, 278 S.W.3d 901, 910 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

indicating that anyone else previously has fallen down the stairs at issue. This circumstance points to a lack of knowledge of the assertedly dangerous condition arising from unlit stairs. *See Univ. of Tex.-Pan Am.*, 251 S.W.3d at 513.

Svadlenak asserts that the City knew of the allegedly dangerous condition because, after Svadlenak fell, Ricks allegedly told him the City "had upgraded and installed step lighting in their other auditorium and planned to install step lighting in this auditorium." This assertion, at most, suggests the City knew of an alternative design that would have increased the lighting on the stairs. This evidence does not give rise to an issue of fact regarding whether the City had any awareness of a dangerous condition at the time of Svadlenak's fall. *See Hayes*, 327 S.W.3d at 117-18 (evidence showing the University "could have done more to warn" the plaintiff did not show actual knowledge of a dangerous condition); *cf. Daenen*, 15 S.W.3d at 102 ("a safer, feasible alternative design" does not show actual knowledge of a dangerous condition).

This conclusion is reinforced because Ricks's affidavit states that, at the time Svadlenak fell, the "can" lights in the auditorium were on; the auditorium doors were open; and daylight illuminated the auditorium. Therefore, when Svadlenak fell, the auditorium already was illuminated — any plans with respect to additional lighting do not indicate awareness of a dangerous condition arising from unlit stairs at the time of Svadlenak's fall.

Moreover, the top step of the stairs was framed by a waist-high wall and handrails flanked both sides of all three stairs. Ricks's affidavit states that she was not aware the stairs were dangerous or a hazard, and she walked down the steps without incident immediately before Svadlenak fell. This evidence, considered together, does not give rise to an issue of fact with respect to the City's awareness of a dangerous condition arising from unlit stairs at the time of Svadlenak's fall.

We sustain the City's first issue. Because we conclude that Svadlenak's claims are barred by immunity, we do not address the City's second issue on appeal challenging Svadlenak's provision of notice.

## CONCLUSION

We reverse the trial court's January 19, 2018 order denying the City's plea to the jurisdiction. We render a take-nothing judgment in favor of the City.


/s/    William J. Boyce
        Justice


Panel consists of Justices Boyce, Christopher, and Busby.