**Reverse and Rendered and Opinion Filed March 4, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00640-CV

## DALLAS COUNTY HOSPITAL DISTRICT D/B/A PARKLAND HEALTH & HOSPITAL SYSTEM, Appellant
## V.
## LIDIA BRAVO AND JEFREY BRAVO, Appellees

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-17957**

## MEMORANDUM OPINION
Before Justices Molberg, Reichek, and Nowell
Opinion by Justice Molberg

Dallas County Hospital District d/b/a Parkland Health & Hospital System (Parkland) appeals the trial court's June 22, 2020 order denying its plea to the jurisdiction on appellees' premises defect claims. We reverse that order and render judgment granting Parkland's plea and dismissing appellees' claims against Parkland because appellees failed to raise a fact issue showing Parkland had actual knowledge of the premises defect at issue in this case and thus failed to show that Parkland's governmental immunity has been waived.

BACKGROUND

Appellees allege that on January 28, 2018, Bravo[1] visited a family member at Parkland Hospital when, as he sat in the main lobby, a large glass pane from a second-story walkway suddenly fell on him from overhead, causing him injuries. Appellees sued Parkland for a premises defect and also sued other parties in connection with that event.[2]

In their original petition, appellees made various allegations regarding Parkland and the alleged waiver of its governmental immunity. Citing section 101.021(2) of the Texas Tort Claims Act (TTCA),[3] appellees alleged that a waiver of immunity applies because "a premises defect on Parkland's premises was a proximate cause of [appellees'] injuries and Parkland was the owner, possessor, and controller of the premises at the time of the incident." Appellees also alleged, on "knowledge and belief," that Parkland had actual knowledge of the premises defect that posed an unreasonable risk of harm and failed to make the premises defect reasonably safe.

Parkland submitted a general denial and included a plea to the jurisdiction with its answer. In its plea, Parkland argued the trial court lacked jurisdiction over

---

[1] Our references to Bravo refer to appellee Jefry Bravo.

[2] In the hearing on its plea to the jurisdiction, Parkland's counsel indicated the other parties sued by appellees were involved in the building's construction, which was completed in 2015. Parkland's counsel described these other parties as contractors and subcontractors pertaining to the glass. None of appellees' claims against these other parties are at issue in this interlocutory appeal.

[3] *See* TEX. CIV. PRAC. & REM. CODE § 101.021(2).

appellees' claims because (1) appellees failed to plead or offer jurisdictional evidence to show that Parkland had prior actual knowledge of an unreasonably dangerous condition and (2) appellees failed to plead or offer jurisdictional evidence to show that Parkland had actual notice of its fault, for purposes of establishing an exception to a pre-suit notice requirement that is not at issue in this appeal.[4]

Appellees amended their original petition three times before Parkland's plea to the jurisdiction was heard. As they had in their original petition, appellees asserted in their third amended petition that Parkland's immunity was waived under section 101.021(2) of the TTCA, that Parkland owed Bravo the duty owed to a licensee while he was on its premises, and that, "[u]pon knowledge and belief, Parkland had actual knowledge of the premises defect that posed an unreasonable risk of harm and failed to make the premises defect reasonably safe."

Also before Parkland's plea to the jurisdiction was heard, Parkland filed a brief in support of its plea and attached certain evidence, including a declaration by Michael Wood, Parkland's Director of Facilities Support Services from May 2010 through at least April 8, 2020, when the declaration was signed. In that declaration, Wood stated, among other things, "[T]he first indication that there was any issue with the [g]lass [p]ane in question was when the incident involving Bravo occurred on January 28, 2018."

---

[4] *See* TEX. CIV. PRAC. & REM. CODE § 101.101. We need not address this pre-suit notice requirement here, as Parkland has not included the issue in its appeal. *See* TEX. R. APP. P. 38.1(f) (requiring appellant's brief to "state concisely all issues or points presented for review").

In their response to Parkland's plea, appellees attached four items: appellees' third amended petition, Parkland's plea to the jurisdiction, two pages that appear to be excerpts from an agreement between Parkland and its construction manager, and what appears to be a two-page Parkland incident report regarding Bravo's incident.

The trial court heard Parkland's plea on June 11, 2020. Both parties' counsel provided argument, and neither party presented any additional evidence. The court took the matter under advisement at the conclusion of the hearing.

On June 22, 2020, the court denied the plea. Parkland timely appealed.

ANALYSIS

*Governmental Immunity Generally*

Governmental immunity protects any constitutionally or legislatively created institution, agency, or organ of government, like Parkland, from suit and liability. *See* TEX. CIV. PRAC. & REM. CODE § 101.001(3)(D); *see also* TEX. CONST. art. IX, § 4 (creation of county-wide hospital districts); TEX. HEALTH & SAFETY CODE § 281.0282 (Dallas County Hospital District).

Immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Whether a court has subject matter jurisdiction and whether a plaintiff has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction are questions of law. *Id*. at 226. Thus, we

–4–

review de novo a trial court's ruling on a jurisdictional plea. *Id*.; *see City of Houston v. Houston Mun. Emps. Pension Sys*., 549 S.W.3d 566, 575 (Tex. 2018).

A governmental unit's jurisdictional plea can be based on the pleadings or on evidence. *Miranda*, 133 S.W.3d at 226; *see Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018) (a plea to the jurisdiction may challenge the pleadings, the existence of jurisdictional facts, or both).

When a plea to the jurisdiction challenges the pleadings, we look to whether the plaintiff has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the case. *Miranda*, 133 S.W.3d at 226. The plaintiff bears the burden to plead facts that demonstrate a waiver of immunity. *Id*. We liberally construe a plaintiff's pleadings in favor of jurisdiction, and we look to the plaintiff's intent, accepting as true the facts alleged. *Id*. at 226, 228.

When a plea challenges the existence of jurisdictional facts, we must consider relevant evidence submitted by the parties to resolve the jurisdictional issues. *Id*. at 227. In reviewing such a plea, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Alamo Heights*, 544 S.W.3d at 771; *Miranda*, 133 S.W.3d at 227–28. However, we cannot disregard evidence necessary to show context or evidence and inferences unfavorable to the nonmovant if reasonable jurors could not do so. *See Alamo Heights*, 544 S.W.3d at 771.

–5–

This standard mirrors our summary judgment standard under Texas Rule of Civil Procedure 166a(c) and places the burden on the governmental unit, as movant, to meet the standard of proof to support its contention the trial court lacks subject matter jurisdiction. *Miranda*, 133 S.W.3d at 228. Once the governmental unit asserts and provides evidentiary support for its plea, the plaintiff is then required to show only that a disputed fact issue exists on the jurisdictional issue. *Miranda*, 133 S.W.3d at 228. If the evidence creates a fact question on the jurisdictional issue, the trial court cannot grant the plea, and the fact issue is for the fact finder to resolve. *See Alamo Heights*, 544 S.W.3d at 771; *Miranda*, 133 S.W.3d at 227–28. If the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea as a matter of law. *Miranda*, 133 S.W.3d at 228.

*TTCA's Immunity Waiver for Premises Defect Claims*

Among other things, the TTCA waives governmental immunity for personal injury claims caused by premises defects. TEX. CIV. PRAC. & REM. CODE §§ 101.021(2), 101.022. Governmental units are liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE § 101.021(2). Thus, the duty owed a plaintiff is part of the waiver analysis under the TTCA. *See id.*

If a claim for personal injuries arises from a premises defect, the governmental unit generally owes the plaintiff "only the duty that a private person owes to a

–6–

licensee on private property." *Id*. § 101.022(a). This limited duty requires the owner of the premises to avoid injuring the plaintiff through willful, wanton, or grossly negligent conduct and to use ordinary care either to warn the licensee of, or make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not. *City of Irving v. Seppy*, 301 S.W.3d 435, 441 (Tex. App.—Dallas 2009, no pet.) (citing *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex.1992)). Both parties agree this duty applies here.[5]

In determining whether a landowner has actual knowledge of a dangerous condition, "courts generally consider whether the premises owner has received reports of prior injuries or reports of the potential danger presented by the condition." *Seppy*, 301 S.W.3d at 444 (citing *Univ. of Tex.-Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008) (per curiam)). Lack of notice of similar accidents from third parties does not conclusively negate actual knowledge. *Id.* (citing *Mitchell v. City of Dallas*, 855 S.W.2d 741, 749 (Tex. App.—Dallas 1993), *aff'd*, 870 S.W.2d 21 (Tex. 1994)). Actual knowledge of a dangerous condition can sometimes be proven through circumstantial evidence. *Id.* (citing *City of Austin v. Leggett*, 257 S.W.3d 456, 476 (Tex. App.—Austin 2008, pet. denied)). "Circumstantial evidence establishes actual knowledge only when it 'either directly or by reasonable inference' supports that

---

[5] Although inapplicable here, we note that, if the plaintiff pays for use of the premises, the governmental unit owes the plaintiff the duty owed to an invitee, which "requires an owner to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition of which the owner is or reasonably should be aware." *See Payne*, 838 S.W.2d at 237; TEX. CIV. PRAC. & REM. CODE § 101.022(a).

conclusion." *City of Corsicana v. Stewart*, 249 S.W.3d 412, 415 (Tex. 2008) (per curiam) (quoting *State v. Gonzalez*, 82 S.W.3d 322, 330 (Tex.2002)).

*Application and Discussion*

In a single issue, Parkland argues the trial court erred in denying its plea because appellees offered no evidence that Parkland had prior actual knowledge of an unreasonably dangerous condition with the glass pane that shattered.

In its plea and brief in support of its plea, Parkland challenged the existence of jurisdictional facts with its own evidence that Parkland had no knowledge of any premises defect with the glass pane before Bravo's incident and therefore owed Bravo no duty as a licensee. *See* TEX. CIV. PRAC. & REM. CODE §§ 101.021(2), 101.022 (setting forth standards in premises defect claims); *Miranda*, 133 S.W.3d at 228 (discussing burdens generally). Parkland's evidence included the declaration of Michael Wood, Parkland's Director of Facilities Support Services in the time between Parkland's completion of construction and Bravo's incident. Wood denied Parkland had any prior knowledge of a defect in the glass pane that shattered, stating, "[T]he first indication that there was any issue with the [g]lass [p]ane in question was when the incident involving Bravo occurred on January 28, 2018."

Wood stated that, in his position, he oversees various aspects of the facilities at Parkland Memorial Hospital, including issues regarding windows and glass panes, and if an issue were identified or reported about glass windows or glass panes, those issues would come to him. Wood also indicated that the glass pane that shattered

–8–

was installed prior to October 31, 2015, when the construction reached substantial completion. Wood stated that another defendant or its subcontractors—not Parkland—installed the glass pane, and that the glass pane remained in place, as installed, from the time of installation until the date of the event with Bravo.

Wood also stated that, prior to the incident involving Bravo, there were no reports of any issues or concerns with the glass pane that shattered, no incidents or complaints involving the glass pane, and nothing to suggest that it was weakened or was prone to crack or shatter. Wood stated that, prior to the incident with Bravo, Parkland had not performed any repairs or modifications to the glass pane and that the pane had remained in its original state as installed by the contractors during original construction. Finally, Wood stated that no work was being performed on or near the glass pane at the time of the incident with Bravo.

Parkland argues the trial court should have granted its plea based on this evidence. Appellees dispute this and argue their evidence raised a fact issue on the question of Parkland's alleged prior actual knowledge of a premises defect.

In the record before us, the only suggestion of any prior actual knowledge by Parkland is in appellees' pleading, which alleges Parkland had such knowledge based on appellees' "knowledge and belief." Although appellees responded to Parkland's brief and evidence with evidence of their own, none of their evidence showed Parkland had any prior actual notice of a dangerous condition or provided a basis from which such notice could reasonably be inferred.

In an effort to have us infer such notice, appellees cite to the two pages that appear to be excerpts of the contract Parkland and its construction manager and to a regulation requiring an inspection of the premises before the premises was opened to the public. Neither item establishes or allows us to reasonably infer that Parkland had actual knowledge of the allegedly dangerous condition at issue here before Bravo's incident, however. While the two pages apparently excerpted from Parkland's contract with its construction manager allowed Parkland to subject the construction project materials to routine quality assurance tests, there is no indication that the premise defect alleged in this case was subjected to any such tests and revealed any dangerous conditions. Similarly, there is no evidence before us showing that Parkland became aware of the premises defect alleged in this case through any inspection conducted or required under Texas Administrative Code section 133.168(b)(2)(B) before Bravo's incident. *See* TEX. ADMIN. CODE § 133.168(b)(2)(B).

Based on the record before us, we conclude appellees failed to raise a fact issue regarding Parkland's prior knowledge of a premises defect, and as a result, appellees' premise defect claims under the TTCA are barred by governmental immunity. *See* TEX. CIV. PRAC. & REM. CODE §§ 101.021(2), 101.022 (setting forth standards in premises defect claims); *Miranda*, 133 S.W.3d at 228 (discussing burdens generally); *City of Dallas v. de Garcia*, No. 05-20-00636-CV, 2021 WL 777087, at *1–3 (Tex. App.—Dallas Mar. 1, 2021, no pet. h.) (mem. op.) (reversing

denial of city's plea to jurisdiction when claimant failed to raise fact issue on city's knowledge of dangerous condition); *City of Dallas v. Prado*, 373 S.W.3d 848, 855 (Tex. App.—Dallas 2012, no pet.) (same); *Seppy*, 301 S.W.3d at 441 (discussing duty to licensee). We sustain Parkland's sole issue.

## CONCLUSION

We reverse the trial court's June 22, 2020 order and render judgment granting Parkland's plea to the jurisdiction and dismissing appellees' claims against Parkland for lack of jurisdiction.

/Ken Molberg/
KEN MOLBERG
JUSTICE

200640f.p05

–11–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DALLAS COUNTY HOSPITAL
DISTRICT D/B/A PARKLAND
HEALTH & HOSPITAL SYSTEM,
Appellant

No. 05-20-00640-CV     V.

LIDIA BRAVO AND JEFREY
BRAVO, Appellees

On Appeal from the 193rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-17957.
Opinion delivered by Justice
Molberg. Justices Reichek and
Nowell participating.

In accordance with this Court's opinion of this date, the trial court's June 22, 2020 order is **REVERSED** and judgment is **RENDERED** granting Parkland's plea to the jurisdiction and dismissing appellees' claims against Parkland for lack of jurisdiction.

It is **ORDERED** that appellant DALLAS COUNTY HOSPITAL DISTRICT D/B/A PARKLAND HEALTH & HOSPITAL SYSTEM recover its costs of this appeal from appellee LIDIA BRAVO AND JEFREY BRAVO.

Judgment entered this 4th day of March, 2021.